Filed 1/16/26  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082533 |
| v. | (Super.Ct.No. FVI901482) |
| CESAR ROBERTO RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael S. Dauber, Judge.  Affirmed.

Carl J. Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Cesar Roberto Rodriguez appeals an order denying his Penal Code[1] section 1172.6 resentencing petition at the prima facie stage of the proceedings. We affirm.

PROCEDURAL BACKGROUND[2]

In 1992, a jury found defendant guilty of two counts of first degree murder. (§ 187, subd. (a), counts 1 & 2), one count of attempted murder (§§ 664/187, subd. (a), count 3),[3] one count of kidnapping to commit robbery, with a true finding that the victim suffered great bodily injury (§ 209, subd. (b)(1), count 4), and two counts of kidnapping to commit robbery, with a true finding that the victim suffered death (§ 209, subd. (b)(1), counts 5-6). As to counts 1 and 2, the jury found true the special circumstance of multiple murder (§ 190.2, subd. (a)(3)), murder in the commission of robbery (§ 190.2, subd. (a)(17)(A)),[4] and murder in the commission of kidnapping (§ 190, subd. (a)(17)(B)). As to all counts, the jury found true the allegation that a principal to the

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] Because the facts of the case are not relevant to the issue raised on appeal, we have not included a statement of facts.

[3] The offense was originally incorrectly described as first degree attempted murder in the abstract of judgment, but the abstract was later corrected to reflect the offense as simply attempted murder.

[4] The jury's true finding on the murder in commission of a robbery special circumstance was subsequently reversed on appeal for insufficient evidence. (*People v. Alvarado* (Dec. 19, 2013, E054118 [nonpub opn.].)

crime personally discharged a firearm causing death (§ 12022.53, subds. (d) & (e)); however, the court subsequently ordered this finding stricken. On July 22, 2019, a trial court sentenced defendant to a total term of nine years plus life, plus life without the possibility of parole.

On January 24, 2022, defendant filed a petition for resentencing under former section 1170.95 (renumbered section 1172.6 by Stats. 2022, ch. 58, effective June 30, 2022)[5], alleging that he was entitled to relief under Senate Bill No. 1437 (Senate Bill 1437). The court appointed counsel and set a hearing.

On October 27, 2023, the trial court held a hearing and stated that it reviewed the record of conviction, specifically the verdict forms and the instructions that were given to the jury. The court denied defendant's resentencing petition, finding he was ineligible for relief as a matter of law because the record of conviction "provides viable grounds for murder and attempted murder convictions." The court specifically referenced the "malice instructions and aiding and abetting instructions." The court further noted that "[t]here were no instructions given to the jury concerning the natural and probable consequences theory of murder liability thus eliminating that impermissible theory for the jury to base its verdict." Defendant filed a timely notice of appeal.

---

[5] To avoid confusion, we will refer to the statute as section 1172.6 in this opinion.

DISCUSSION

The Trial Court Properly Denied the Resentencing Petition

Defendant contends the trial court erred in summarily denying his resentencing petition, as to his murder convictions, at the prima facie stage. He asserts that his jury was instructed on two theories—malice aforethought and felony murder—and that under the felony-murder instructions given at that time, the jury was not required to find that he "harbored any state of mind other than the intent to commit the underlying felony." As a result of the changes made to the felony-murder law enacted after his trial, a jury is required to find a defendant is either the actual killer, intended to kill, or was a major participant and engaged in reckless indifference to life during the commission of the felony. He claims the record of conviction does not demonstrate the jury found he was either the actual killer or that he possessed the intent to kill. Defendant concludes that because the record of conviction shows he was convicted of murder where the jury was presented with now-abrogated felony-murder instructions, and the jury could have relied on them, "reversal with direction to hold an OSC is the appropriate outcome."

The People contend that defendant's argument completely ignores the jury's true finding on the multiple murder special circumstance, which required the jury to find he was either the actual killer or aided and abetted with the intent to kill. Thus, since the record shows defendant was convicted of first degree murder as the actual killer or direct aider and abettor who acted with an intent to kill, he is ineligible for relief as a matter of law.

4

We agree with the People and conclude the court properly denied defendant's resentencing petition.

A. *Resentencing Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Stats. 2018, ch. 1015 (Senate Bill 1437)) was enacted "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Thus, Senate Bill 1437 "substantially modified the law relating to vicarious liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder [Citation] and by narrowing the scope of felony murder [Citation]." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 11 (*Lopez*).)

"Senate Bill 1437 added three separate provisions to the Penal Code. First, to amend the felony-murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless

5

indifference to human life, as described in subdivision (d) of Section 190.2.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*), superseded by statute on another ground as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.)

Second, Senate Bill 1437 "eliminated the natural and probable consequences doctrine by adding the following language to section 188: 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'" (*Lopez, supra*, 78 Cal.App.5th at p. 11; § 188, subd. (a)(3); *Gentile, supra*, 10 Cal.5th at pp. 842-843.)

"Third, Senate Bill 1437 added section 1170.95[6] to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile, supra*, 10 Cal.5th at p. 843.)

Under section 1172.6, the relief process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (§ 1172.6, subd. (b)(1)(A)), "including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*)*.)*

---

[6] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We will cite to section 1172.6 for ease of reference.

If the petition complies with the requirements of section 1172.6, subdivision (b)(1), "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) Where a petitioner has made the requisite prima facie showing that he is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

At the prima facie stage, the court may deny a petition only if the petitioner is ineligible for relief as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 966.) In other words, the petition and the record of conviction must "establish conclusively that the defendant is ineligible for relief." (*Strong, supra*, 13 Cal.5th at p. 708.) This is a pure question of law that we review de novo. (*Lopez, supra*, 78 Cal.App.5th at p. 14.) We affirm if the judgment is correct, regardless of the trial court's reasoning. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 976.)

In determining whether the defendant has made a prima facie showing of entitlement to relief, the trial court "'should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law.' [Citation.] The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction . . . " (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*).) The record of conviction includes the charging document, verdict forms, closing arguments, and jury instructions. (*People v. Jenkins*

7

(2021) 70 Cal.App.5th 924, 935.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis, supra*, 11 Cal.5th at p. 972.)

B. *The Record of Conviction Demonstrates Defendant is Ineligible for Relief as a Matter of Law*

Defendant essentially argues that reversal is required simply because the record of conviction shows he was convicted of murder "where the jury was presented with felony-murder instructions that did not comport with the current version of section 189, subdivision (e)." He further claims the record of conviction does not demonstrate the jury found he was either the actual killer (§ 189, subd. (e)(1)) or possessed the intent to kill (§ 189, subd. (e)(2)). We disagree and conclude the record of conviction conclusively shows he was ineligible for relief as a matter of law.

As relevant here, the jury was instructed that defendant was being prosecuted for murder under two theories: (1) malice aforethought and (2) felony murder. The jury convicted him of first degree murder and found true special circumstances, including the multiple murder special circumstance. (§ 190.2, subd. (a)(3).) We initially note that the court found, and defendant does not dispute, that the jury was *not* instructed on "the natural and probable consequences theory of murder liability[,] thus eliminating that impermissible theory for the jury to base its verdict." Defendant is correct that, that under changes to the felony-murder law enacted after his trial, a jury is now required to find a defendant is either the actual killer, had the intent to kill, or was a major participant

8

in the underlying felony who acted with reckless indifference to human life. (See *Strong, supra*, 13 Cal.5th at pp. 707-708.) However, just because the jury "was presented with felony-murder instructions that did not comport with the current version of section 189, subdivision (e)," reversal is not automatically required, as defendant claims.

Moreover, contrary to defendant's claim that the record of conviction does not show the jury found he was either the actual killer or had the intent to kill, the record of conviction conclusively establishes that the jury found he was the actual killer or aided and abetted the murders with the intent to kill.

As to counts 1 and 2, the jury was instructed that defendant was charged with murder and that "[t]o prove that a defendant is guilty of this crime, the People must prove that:

1. The defendant committed an act that caused the death of another person; AND

2. When the defendant acted, he had a state of mind called malice aforethought."

The jury was instructed that proof of either implied or express malice was sufficient to establish the requisite state of mind. The jury instructions explained that "[t]he defendant acted with express malice if he unlawfully intended to kill." It also explained that "[a] defendant is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation. The defendant acted willfully if he intended to kill. The defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to

9

kill.  The defendant acted with premeditation if he decided to kill before completing the act that caused death."

The jury was also instructed that "a person is guilty of crime whether he or she committed it personally or aided and abetted the perpetrator" and that someone aids and abets crime if he "knows of the perpetrator's unlawful purpose and . . . specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

Additionally, the court instructed the jury as to the multiple-murder special circumstance, in part, as follows:  "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of Multiple Murder, you must also decide whether the defendant acted with the intent to kill. [¶]  In order to prove these special circumstances for a defendant who is not the actual killer but who is guilty of murder as an aider and abettor, the People must prove that the defendant acted with the intent to kill.  . . . If a defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with the intent to kill for the special circumstance of Multiple Murder to be true.  If the People have not met this burden, you must find these special circumstances have not been proved true for that defendant."  The court further instructed the jury that to prove the special circumstance of multiple murder under section 190.2, subdivision (a)(3) true, "the People must prove that:  [¶] 1. The defendant has been convicted of at least one charge of

10

first degree murder in this case; and [¶] 2. The defendant has also been convicted of at least one additional charge of either first or second degree murder in this case."

We conclude that the instructions show the jury convicted defendant of first degree murder based on his own intent to kill, either as the actual killer or as an aider or abettor. In other words, malice was not imputed to him based solely on his participation in a crime. (§ 188, subd. (a)(3).)

We acknowledge that the jury was instructed it could find defendant guilty of first degree murder under a theory of felony murder if it found that he (1) "committed [r]obbery or [k]idnap"; (2) "intended to commit [r]obbery or [k]idnap"; (3) if he did not personally commit robbery or kidnap, then a direct perpetrator did; and (4) while committing robbery or kidnap, the perpetrator cause the death of another person. However, as the People point out, the jury found true the multiple-murder special circumstance pursuant to section 190.2, subdivision (a)(3) as to both murders. Notably, the jurors were instructed that, "[i]f a defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with the intent to kill for the special circumstance of Multiple Murder to be true." Thus, since the jury found the special circumstance to be true, it necessarily found that, if defendant was not the actual killer, he had the intent to kill in aiding and abetting the murders. We observe this finding was required even before the enactment of Senate Bill 1437. (See *People v. Nunez and Satele* (2013) 57 Cal.4th 1, 45 ["the trial court must instruct the jury that to

11

find true a multiple-murder special-circumstance allegation as to that defendant, it must find that the defendant intended to kill the murder victims"].)

Ultimately, to establish a prima facie case for relief, defendant was required to show he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3); *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 935.) He has not done so.

The record of conviction conclusively demonstrates that defendant is ineligible for relief. -In finding the multiple murder special circumstance true, the jury specifically found that he was the actual killer or he aided and abetted the murders with intent to kill. Aiders and abettors who act with the intent to kill are not eligible for relief. (See, *Gentile, supra,* 10 Cal.5th at p. 848*; See also, People v. Coley* (2022) 77 Cal.App.5th 539, 547 ["[a]n intent to kill is the equivalent of express malice"] and *Lopez, supra*, 78 Cal.App.5th at p. 14 [petitioner is ineligible as a matter of law if record of conviction establishes he "acted with malice aforethought that was not imputed based solely on participation in a crime"].) Thus, the court properly found that defendant was ineligible for relief under section 1172.6.

In his reply brief, defendant argues the People's claim that the jury's true finding on the multiple-murder special circumstance precludes him from demonstrating a prima facie case for relief is an implicit request to apply the doctrine of issue preclusion, or collateral estoppel. Defendant also claims there was no dispute that he was not the actual killer, he had no role in planning the victims' kidnapping, and "[a]ll the evidence

established [he] played a minor role in guarding the kidnap victims, and had no knowledge of any plans to ultimately kill them." We initially note that the trial court's authority to summarily deny a petition is "limited to 'readily ascertainable facts' taken from the record of conviction. . . ." (*Davenport*, *supra*, 71 Cal.App.5th at p. 481.) In accord, in reviewing the record of conviction, this court cannot "engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis, supra*, 11 Cal.5th at p. 972.)

Defendant cites *Strong*, *supra*, 13 Cal.5th at p. 716 in contending that the People have failed to meet their burden of establishing and demonstrating the elements of collateral estoppel and therefore cannot rely on the multiple-murder special circumstance to preclude him from relief. However, *Strong*, does not aid defendant since it involved the jury's true finding on felony-murder special circumstance allegations that he was a "major participant" who acted "with reckless indifference to human life," which were made before the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 (*Banks* and *Clark*). *Banks* and *Clark* significantly changed the prevailing understanding of the "major participant" and "reckless indifference" elements. (*Strong*, *supra*, 13 Cal.5th at pp. 703, 706-707.) The *Strong* court held that "[b]ecause Strong's case was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Id*. at p. 721.) In contrast to *Strong*, the People here are relying on the true

finding on the multiple-murder special circumstance, which required a finding that defendant had the intent to kill. (See *ante*.)

Moreover, we note the Supreme Court in *Strong* agreed that prior special circumstances findings "*can* have preclusive effect." (*Strong*, *supra*, 13 Cal.5th at p. 716.) We further note that collateral estoppel ""'protect[s] litigants from the burden of relitigating an identical issue with the same party"'" and ""'promote[s] judicial economy by preventing needless litigation."'" (*Ibid*.) The People are not asking to relitigate any issue here.

Defendant also cites the Supreme Court's decision in *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*) for the proposition that a finding of intent to kill "does not, itself, conclusively establish that [he] is ineligible for relief." (*Id*. at p. 441.) However, the circumstances of *Curiel* are readily distinguishable. In that case, the Supreme Court clarified that a section 1172.6 petition may be denied at the prima facie stage only where "the record conclusively establishes every element of the offense," and the intent to kill "is only one element" that "does not by itself establish any valid theory of liability." (*Id*. at p. 463.) Further, the jury in *Curiel* was instructed on the now-impermissible natural and probable causes theory. The Supreme Court specifically noted that the scenario discussed in *Curiel*, "where a defendant is liable for murder under the natural and probable consequences doctrine, and acts with malice aforethought, but is *not* liable as a direct aider and abettor," is "'quite narrow' and relevant only to a 'very small set of cases.'" (*Id*. at p. 470.) *Curiel* recognized that its holding was limited and would not

14

necessarily apply in other settings, stating: "[W]e note that our holding today does not necessarily apply to other cases where the jury found intent to kill, or even other cases where the jury found true the gang-murder special circumstance . . . . We hold only that *under the jury instructions here*, the findings the jury must have made are insufficient to conclusively establish that Curiel is liable for murder under current law." (*Id*. at p.471.)

Here, unlike *Curiel*, the jury was never instructed on the natural and probable consequences theory. Moreover, contrary to defendant's claim, *Curiel's* narrow holding does not stand for the broad proposition that a jury finding of intent to kill cannot preclude a petitioner from making a prima facie case for resentencing under section 1172.6.

We conclude that defendant failed to establish a prima facie case, and the court properly found him ineligible for relief under section 1172.6.

## DISPOSITION

The order denying defendant's resentencing petition under 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.
CODRINGTON
J.